## (December 29, 1981)

■ In the Matter of GEORGE M. SCHLOSSMAN, an Attorney. — George M. Schlossman, an attorney who was admitted to practice by this court on December 14, 1949, has submitted an affidavit dated November 6, 1981, in which he tenders his resignation as an attorney and counselor at law. Mr. Schlossman acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts, and was served with a statement of charges which alleged professional misconduct as follows: 1. Respondent, GEORGE M. SCHLOSSMAN, during the period of January 1976 to present, has engaged in conduct involving misrepresentation and conduct that is prejudicial to the administration of justice by failing to file with the Office of Court Administration (hereinafter OCA), hundreds of retainer and closing statements. a. Between January 1, 1976 and December 31, 1976, respondent filed 543 retainer statements and 354 closing statements. Despite this, during calendar year 1976, respondent failed to file hundreds of retainer and closing statements. b. Between January 1, 1977 and December 31, 1977, respondent filed 390 retainer statements and 167 closing statements. Despite this, during calendar year 1977, respondent failed to file hundreds of retainer

and closing statements. c. Between January 1, 1978 and December 31, 1978, respondent filed 441 retainer statements and 122 closing statements. Despite this, during calendar year 1978, respondent failed to file hundreds of retainer and closing statements. d. Between January 1, 1979 and December 31, 1979, respondent filed 140 retainer statements and 395 closing statements. Despite this, during calendar year 1979, respondent failed to file hundreds of retainer and closing statements. e. Between January 1, 1980 and December 31, 1980, respondent filed 226 retainer statements and 164 closing statements. Despite this, during calendar year 1980, respondent failed to file hundreds of retainer and closing statements. 2. Respondent, GEORGE M. SCHLOSSMAN, during the period of January 1976 to the present, has engaged in conduct involving misrepresentation and conduct that is prejudicial to the administration of justice by habitually and continuously filing with OCA, hundreds of false and late retainer statements, which were accompanied by knowingly false affirmations. a. On or about December 8, 1978, respondent caused to be filed with OCA the retainer statement for a client in which he stated that he was actually retained on June 25, 1975. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. b. On or about January 16, 1981, respondent caused to be filed with OCA the retainer statement for a client in which he stated he was actually retained on July 19, 1974. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. c. On or about January 20, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on October 17, 1979. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. d. On or about January 14, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on March 18, 1976. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. e. On or about January 21, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on June 10, 1976. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. f. On or about January 8, 1981, respondent caused to be filed with OCA, the retainer statement for an infant, by her mother in which he stated he was actually retained on August 10, 1978. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. g. On or about January 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on June 30, 1976. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. h. On or about January 16, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on February 26, 1973. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. i. On or about January 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on December 28, 1972. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. j. On or about January 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on November 7, 1974. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. k. On or about January 14, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on May 4, 1979. Attached was a false

affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. l. On or about January 16, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on June 6, 1977. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. m. On or about Janury 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on October 3, 1977. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. n. On or about January 21, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on February 21, 1975. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. o. On or about January 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on February 10, 1975. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. p. On or about July 8, 1976, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on January 6, 1976. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. q. On or about January 12, 1981, respondent caused to be filed with OCA, the retainer statement for a client in which he stated he was actually retained on August 13, 1976. Attached was a false affirmation, sworn to under the penalties of perjury, requesting acceptance *nunc pro tunc*. 3. Respondent, GEORGE M. SCHLOSSMAN, has engaged in unethical conduct, and conduct that is prejudicial to the administration of justice and conduct that adversely reflects upon his fitness to practice law by employing persons for the purpose of solicitation or aiding, assisting or abetting in the solicitation of legal business or the procurement through solicitation, either directly or indirectly, of a retainer, written or oral or an agreement authorizing respondent to perform or render legal services. a. On or about March 13, 1976, a patient in a hospital was given respondent's card by a nurse at the hospital where he was being treated. The following day, a person employed by respondent appeared at this patient's home and solicited and obtained a retainer. b. On or about June 8, 1976, a man was injured in an automobile accident in Brooklyn and taken to Kings County Hospital where he was treated and released. Approximately, two days after the accident a person employed by respondent appeared at this man's home and solicited and obtained a retainer. c. On or about May 26, 1977, a minor, who had shortly before been released from Wyckoff Heights Hospital, where he was treated for injuries sustained in an accident, was unethically solicited to retain respondent as an attorney, which his mother did. d. In or about April 1979, a minor, while hospitalized in Cumberland Hospital, was unethically solicited to retain respondent as an attorney, which he declined to do. e. In or about May 1980, an investigator of respondent's law firm, solicited unethical and illegal retainers from accident victims on behalf of respondent in Kings County Hospital. Mr. Schlossman has indicated that his resignation is made freely and voluntarily, without coercion or duress; that he is fully aware of the implications of submitting his resignation; and that if a disciplinary proceeding was commenced against him based upon the afore-mentioned allegations of misconduct, he could not successfully defend himself on the merits. The Grievance Committee has recommended that this resignation be accepted. Under the circumstances herein, Mr. Schlossman's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from

the roll of attorneys and counselors at law, effective immediately. Mollen, P. J., Damiani, Titone, Lazer and Mangano, JJ., concur.